CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
RAFAEL PRESINAL, *individually and on behalf of others similarly situated,*

                     *Plaintiff*,

      -against-

2690 GROCERY CORP. (D/B/A FIRE HOUSE DELI), JUAN CARLOS REYES, and LIOMARD MESA,

                     *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Rafael Presinal ("Plaintiff Presinal" or "Mr. Presinal"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against 2690 Grocery Corp. (d/b/a Fire House Deli), ("Defendant Corporation"), Juan Carlos Reyes, and Liomard Mesa ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Presinal is a former employee of Defendants 2690 Grocery Corp. (d/b/a Fire House Deli), Juan Carlos Reyes, and Liomard Mesa.

2. Defendants own, operate, or control a deli, located at 2690 Third Avenue, Bronx, New York, 10454 under the name "Fire House Deli".

3. Upon information and belief, individual Defendants Juan Carlos Reyes and Liomard Mesa, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4. Plaintiff Presinal was employed as a stock worker at the deli located at 2690 Third Avenue, Bronx, New York, 10454.

5. At all times relevant to this Complaint, Plaintiff Presinal worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Presinal appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Presinal to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Presinal and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Presinal now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

10. Plaintiff Presinal seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Presinal's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Presinal was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Rafael Presinal ("Plaintiff Presinal" or "Mr. Presinal") is an adult individual residing in Bronx County, New York.

14. Plaintiff Presinal was employed by Defendants at Fire House Deli from approximately 2010 until on or about October 25, 2021.

15. Plaintiff Presinal consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a deli, located at 2690 Third Avenue, Bronx, New York, 10454 under the name "Fire House Deli".

17. Upon information and belief, 2690 Grocery Corp. (d/b/a Fire House Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2690 Third Avenue, Bronx, New York, 10454.

18. Upon information and belief, Defendant Juan Carlos Reyes is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juan Carlos Reyes is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Juan Carlos Reyes possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Presinal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Upon information and belief, Defendant Liomard Mesa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Liomard Mesa is sued individually in his capacity as a manager of Defendant Corporation. Defendant Liomard Mesa possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Presinal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20. Defendants operate a deli located in in the Mott Haven section of the Bronx.

21. Individual Defendants, Juan Carlos Reyes and Liomard Meza, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Presinal's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Presinal, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Presinal (and all similarly situated employees) and are Plaintiff Presinal's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Presinal and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Juan Carlos Reyes operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Presinal's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Presinal, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Presinal's services.

28. In each year from 2016 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Presinal is a former employee of Defendants who was employed as stock worker.

31. Plaintiff Presinal seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rafael Presinal*

32. Plaintiff Presinal was employed by Defendants from approximately 2010 until on or about October 25, 2021.

33. Defendants employed Plaintiff Presinal as a stock worker.

34. Plaintiff Presinal regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Presinal's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Presinal regularly worked in excess of 40 hours per week.

37. From approximately March 2016 until on or about October 25, 2021, Plaintiff Presinal worked from approximately 3:00 PM until on or about 12:00 AM, 7 days a week (typically 63 hours per week).

38. From approximately March 2016 until on or about October 25, 2021, Defendants paid Plaintiff Presinal his wages in cash.

39. From approximately March 2016 until on or about October 25, 2021, Defendants paid Plaintiff Presinal a fixed salary of $585 per week.

40. Defendants never granted Plaintiff Presinal any breaks or meal periods of any kind.

41. Plaintiff Presinal was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

42. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Presinal regarding overtime and wages under the FLSA and NYLL.

43. Defendants did not provide Plaintiff Presinal an accurate statement of wages, as required by NYLL 195(3).

44. Defendants did not give any notice to Plaintiff Presinal, in English and in Spanish (Plaintiff Presinal's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

45. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Presinal (and all similarly situated employees) to work without paying him appropriate minimum wage and overtime pay as required by federal and state laws.

46. Plaintiff Presinal was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

47. Defendants' pay practices resulted in Plaintiff Presinal not receiving payment for all his hours worked, and resulted in Plaintiff Presinal's effective rate of pay falling below the required minimum wage rate.

48. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

49. Defendants paid Plaintiff Presinal his wages in cash.

50. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

51. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Presinal (and similarly situated individuals) worked, and to avoid paying Plaintiff Presinal properly for his full hours worked.

52. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

53. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Presinal and other similarly situated former workers.

54. Defendants failed to provide Plaintiff Presinal and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

55. Defendants failed to provide Plaintiff Presinal and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

56. Plaintiff Presinal brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

57. At all relevant times, Plaintiff Presinal and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

58. The claims of Plaintiff Presinal stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

59. Plaintiff Presinal repeats and realleges all paragraphs above as though fully set forth herein.

60. At all times relevant to this action, Defendants were Plaintiff Presinal's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power

to hire and fire Plaintiff Presinal (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

61. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

62. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63. Defendants failed to pay Plaintiff Presinal (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

64. Defendants' failure to pay Plaintiff Presinal (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff Presinal (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66. Plaintiff Presinal repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Presinal (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Defendants' failure to pay Plaintiff Presinal (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Presinal (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

70. Plaintiff Presinal repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Presinal's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Presinal, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

72. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Presinal less than the minimum wage.

73. Defendants' failure to pay Plaintiff Presinal the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff Presinal was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

75. Plaintiff Presinal repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Presinal overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77. Defendants' failure to pay Plaintiff Presinal overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff Presinal was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

79. Plaintiff Presinal repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants failed to provide Plaintiff Presinal with a written notice, in English and in Spanish (Plaintiff Presinal's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81. Defendants are liable to Plaintiff Presinal in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

82.     Plaintiff Presinal repeats and realleges all paragraphs above as though fully set forth herein.

83.     With each payment of wages, Defendants failed to provide Plaintiff Presinal with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

84.     Defendants are liable to Plaintiff Presinal in the amount of $5,000, together with costs and attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Presinal respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Presinal and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Presinal and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Presinal's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Presinal and the FLSA Class members;

(f) Awarding Plaintiff Presinal and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Presinal and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Presinal;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Presinal;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Presinal's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Presinal;

(l) Awarding Plaintiff Presinal damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages,  under

the NYLL as applicable;

(m) Awarding Plaintiff Presinal damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Presinal liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Presinal and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Presinal and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Presinal demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 17, 2022

                         CSM LEGAL, P.C.

                         By:      /s/ Catalina Sojo
                                    Catalina Sojo [CS-5779517]
                                    60 East 42nd Street, Suite 4510
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620
                                    *Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

catalina@csmlegal.com

March 17, 2022

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       Rafael Presinal

Legal Representative / Abogado:      CSM Legal, P.C.

Signature / Firma:                   *Rafael Presinal* (signature)

Date / Fecha:                        17 de marzo del 2022

*Certified as a minority-owned business in the State of New York*