**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAFAEL PRESINAL, *individually and on behalf of others similarly situated*,

*Plaintiff,*

-against-

2690 GROCERY CORP. (D/B/A FIRE HOUSE DELI), JUAN CARLOS REYES, and LIOMARD MESA,

*Defendants.*



1:22-cv-02246-KPF

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs RAFAEL PRESINAL ("Plaintiff") on the one hand, and Defendants 2690 GROCERY CORP. (D/B/A FIRE HOUSE DELI), JUAN CARLOS REYES, and LIOMARD MESA ("Defendants"), on the other hand. (Plaintiff and Defendants are collectively denoted the "Parties.").

**WHEREAS**, Plaintiff alleges that he was previously employed by Defendants;

**WHEREAS**, a dispute ensued between Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, captioned *Presinal et al v. 2690 Grocery Corp. et al*; No: 1:22-cv-02246-KPF (hereinafter "the Litigation"), alleging violations of federal and state wage and hour and overtime laws;

**WHEREAS**, Defendants deny any violation of federal and state wage and hour and overtime laws, including but not limited to all laws asserted by Plaintiff in the Litigation;

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment:** Defendants shall pay or cause to be paid to Plaintiffs' counsel, subject to the terms and conditions of this Agreement, the total sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Amount"), as follows:

    (a) **Installment 1:** One check, payable within 30 days of Court approval of this Agreement, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "CSM Legal, P.C."

(b) **Installment 2:** One check, payable and received within 30 days of the date the payment in paragraph 1(a) became due, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "CSM Legal, P.C."

(c) **Installment 3:** One check, payable and received within 30 days of the date the payment in paragraph 1(a) became due, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "CSM Legal, P.C."

(d) **Installment 4:** One check, payable and received within 30 days of the date the payment in paragraph 1(a) became due, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "CSM Legal, P.C."

(e) **Installment 5:** One check, payable and received within 30 days of the date the payment in paragraph 1(a) became due, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "CSM Legal, P.C."

(f) **Installment 6:** One check, payable and received within 30 days of the date the payment in paragraph 1(a) became due, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "CSM Legal, P.C."

(g) The Installment Payments in paragraphs 1(a), 1(b), 1(c), 1(d), 1(e), and 1(f) shall be delivered to Plaintiff's counsel via first-class US mail, CSM Legal, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165 and shall be deemed received on the first business day following first-class mailing.

(h) Subject to the Notice of Default provisions of Paragraph 7 below, failure of Defendants to timely pay all of the Settlement Amount in the manner prescribed in subparagraphs 1(a), 1(b), 1(c), 1(d), 1(e), and 1(f) shall render all Defendants in default with respect to this Agreement. Similarly, and subject to the Notice of Default provisions of Paragraph 7 below, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(i) Concurrently with the execution of this Agreement, the respective Defendants shall execute the Affidavits of Judgment by Confession in the forms attached hereto as **Exhibit A** and deliver to Plaintiffs' counsel copies of said executed Confessions of Judgment, together with an executed copy of this Agreement. Said Confessions of Judgment may be filed only in the event that (i) Defendants are in default with respect to this Agreement, as defined in Paragraph 1(h) above; and (ii) Defendants fail to cure such default within ten (10) days of the giving of notice, in the manner prescribed in Paragraph 7 below, of such default.

2. **Release and Covenant Not To Sue:** Plaintiff and Defendants hereby irrevocably and unconditionally release from, and forever discharge and covenant not to sue each other, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, employees, attorneys, legal representatives and managers, with respect to any and all wage and hour allegations and/or claims which putatively arose during the time frame that was the subject of the Litigation, including but not limited to any allegations and/or claims arising under the Fair Labor Standards Act, the New

York Labor Law, the New York City Administrative Code and/or any other New York State and/or federal statute, regulation, or ordinance governing or otherwise addressing employment issues. Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). The parties hold each other harmless from any and all known claims, and liabilities of any kind that they have, had or claimed to have against each other relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the last day of signature of the Agreement.

3. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **No Publication:** Plaintiff agrees that he will not in any manner publicize the terms of this Settlement Agreement, which includes notifying any member of the media regarding the terms and conditions of the Settlement Payment or Agreement and posting or disseminating the terms and conditions of the Settlement Payment or Agreement on any social media (including, but not limited to, Facebook, Twitter, Instagram, Law 360, or similar outlets). Such prohibition extends to dissemination of any information, whether oral, electronic, or in any document form, including, but not limited, to providing copies of this Agreement and information regarding the terms of this Agreement. Dissemination of this Agreement and the terms set forth herein shall be limited to filing documents with the Court, as is necessary to effectuate the Agreement, as may be required by law or governmental agency, for tax purposes, or pursuant to subpoena or court order. Plaintiff may state that the matter has been settled to the satisfaction of the Parties. Notwithstanding the aforementioned provision, nothing herein shall preclude Plaintiff from disclosing any information to any agency of the federal, state, or local government or court pursuant to court order and/or subpoena, for which appearance Plaintiff may receive any fees allowed by law. Nothing in this Paragraph 4 shall prohibit the Parties from speaking truthfully about their claims and/or defenses, under the FLSA or NYLL, or the resolution thereof. Further, nothing in this Paragraph 4 shall prevent the Parties from filing the executed Settlement Agreement with the Court for approval or the Court from filing the resolution of those claims.

5. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

6. **Acknowledgments:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. **Default:** In the event of Default, as defined in Paragraph 1(h) above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, by filing the Affidavits of Judgment by Confession referenced in Paragraph 1(i) above, provided that no such court intervention shall be sought until ten business days elapse following the giving of notice, in accordance with and as defined in Paragraph 1(i), to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

8. **Notices:** Notices required under this Agreement, included but not limited to the Notice required by Paragraph 1(i), shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered:

**To Plaintiff:**

Jarret Bodo, Esq.
CSM Legal, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: Jarret@csm-legal.com

**To Defendants:**

Martin E. Restituyo
Law Offices of Martin E. Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, NY 10019
Tel: 212-729-7900
Fax: 212-729-7490
Email: restituyo@restituyolaw.com

9. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the New York County Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the New York County Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as a dismissal of the Litigation with prejudice subject to an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

10. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with CSM Legal,

P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to them in their native languages and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFFS**

_[signature]_     Date: 11/23/22
RAFAEL PRESINAL

**INDIVIDUAL DEFENDANTS**

_[signature]_     Date: 12/02/22
JUAN CARLOS REYES
by Liomard Mesa

_[signature]_     Date: 12/02/22
LIOMARD MESA

5

**CORPORATE DEFENDANTS**

**2690 GROCERY CORP. (D/B/A FIRE HOUSE DELI)**

_____  Date: 12/02/22
(signature)

Name (Print): Lionard Mesa    Title: President

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK   )

On the 2nd day of December, 2022, before me, the undersigned, a Notary Public in and for the State personally appeared Lionard Mesa, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that (s)he executed same in his or her capacity and by that his or her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

> MARTIN E RESTITUYO
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02RE6418174
> Qualified in New York County
> My Commission Expires: 6/1/25

6

On November 1, 2022, the Court directed the parties to submit a revised settlement agreement in this case, addressing the Court's concerns regarding a broad confidentiality provision in their original settlement agreement. (Dkt. #25). The parties have substantially revised the confidentiality provision of concern to the Court in their updated settlement agreement. (Dkt. #26).

As such, the Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g.*, *Cheeks* v. *Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable. It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorneys and paralegals representing Plaintiff.

Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case. The Clerk of Court is further directed to terminate the pending motion at docket entry 26.

Dated:   December 5, 2022          SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE